**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 23, 2012

Lyle W. Cayce
Clerk

No. 11-10346
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DETRIC LEWIS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:10-CR-40-3

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Detric Lewis appeals his 188-month sentence following his guilty-plea conviction for conspiracy to distribute a controlled substance. He argues for the first time on appeal that counsel was ineffective for failing to challenge the finding that his prior Texas drug offense was a qualifying offense for the purpose of the career-offender enhancement under U.S.S.G. § 4B1.1. We may review this newly raised claim on direct appeal because counsel had no legal basis on which

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to object to the enhancement. *See United States v. Villegas-Rodriguez*, 171 F.3d 224, 230 (5th Cir. 1999).

To establish ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984). Failure to establish either deficient performance or prejudice defeats the ineffective-counsel claim. *Id.* at 697.

The Guidelines provide for an enhancement of the offense level and criminal history category if the defendant is determined to be a career offender. U.S.S.G. § 4B1.1. "A defendant is a career offender if . . . . [inter alia] the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1(a).

Lewis does not dispute that he judicially confessed to the Texas offense of possession with intent to deliver a controlled substance. In *United States v. Ford*, 509 F.3d 714, 716-17 (5th Cir. 2007), we held that the Texas offense of "possession with intent to deliver" qualifies as a "controlled substance offense" under U.S.S.G. § 2K2.1. That Guideline defines "controlled substance offense" by cross-reference to the career offense guidelines. As counsel had no legal basis on which to object to the enhancement, his failure to do so does not constitute ineffective assistance of counsel. *See Villegas-Rodriguez*, 171 F.3d at 230.

Accordingly, the judgment of the district court is AFFIRMED. The Government's motion for dismissal is therefore DENIED as unnecessary.