**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DETRIC LEWIS,

    Petitioner - Appellant,

v.

N. C. ENGLISH, Warden, USP-
Leavenworth,

    Respondent - Appellee.

No. 18-3046
(D.C. No. 5:18-CV-03044-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

Detric Lewis is currently serving a federal narcotics sentence in Leavenworth,

Kansas. Proceeding pro se,[1] Lewis petitioned the district court for a writ of habeas

corpus under 28 U.S.C. § 2241. The district court dismissed for lack of jurisdiction.

For the reasons explained below, we affirm.

---

[*] After examining Lewis' brief and the appellate record, this panel has
determined unanimously that oral argument wouldn't materially assist in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
isn't binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App.
P. 32.1; 10th Cir. R. 32.1.
[1] Because Lewis proceeds pro se, we liberally construe his pleadings. But we
won't act as his advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## Background

Lewis pleaded guilty in the Northern District of Texas to conspiracy to distribute a controlled substance. *United States v. Lewis*, 467 F. App'x 298, 299 (5th Cir. 2012) (unpublished). The sentencing court applied the United State Sentencing Guidelines' career-offender enhancement and sentenced Lewis to 188 months in prison. *Id.*; *see also* U.S.S.G. § 4B1.1. On direct appeal, Lewis argued that his counsel was ineffective in failing to argue that his prior Texas conviction for possession with intent to deliver didn't qualify as a controlled-substance offense for purposes of the career-offender enhancement. *See Lewis*, 467 F. App'x at 299. The Fifth Circuit affirmed because its controlling precedent at the time held that possession with intent to deliver under Texas law was a controlled-substance offense. *Id.*; *see also United States v. Ford*, 509 F.3d 714, 716–17 (5th Cir. 2007), *overruled by United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017). Thus, it concluded that Lewis' counsel had no grounds to challenge the enhancement. *Lewis*, 467 F. App'x at 299. Lewis asserted three additional ineffective-assistance-of-counsel claims in a 28 U.S.C. § 2255 motion that he subsequently filed in the Northern District of Texas. *See Lewis v. United States*, No. 3:13-CV-2176-D, 2013 WL 6869471, at *2–3 (N.D. Tex. Dec. 30, 2013) (unpublished). The court rejected each. *See id.* at *4.

Then, following the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), Lewis requested the Fifth Circuit's permission to file a second or successive § 2255 motion on the theory that his possession-with-intent-to-deliver

2

conviction wasn't a controlled-substance offense under *Mathis'* rule. *See In re Lewis*, No. 16-10799, slip op. at 1 (5th Cir. Oct. 20, 2016) (unpublished). The Fifth Circuit denied his request because *Mathis* didn't announce a new, retroactively applicable rule of constitutional law. *Id.* at 1–2. Subsequently, the Fifth Circuit held that *Mathis* abrogated *Ford*—its prior decision holding that possession with intent to deliver was a controlled-substance offense. *See Tanksley*, 848 F.3d at 349. In light of this development, Lewis once again requested authorization to file a second or successive § 2255 motion. *See In re Lewis*, No. 17-10389, slip op. at 1 (5th Cir. May 31, 2017) (unpublished). The Fifth Circuit again denied Lewis' request and warned him that it would sanction him if he continued to make "frivolous, repetitive, or otherwise abusive filings" within the Fifth Circuit. *Id.* at 2.

Lewis next turned his campaign for relief toward the District of Kansas to file the instant § 2241 petition.[2] Lewis recognized that § 2255 is generally the exclusive mechanism to collaterally attack a federal sentence, but he argued that § 2255(e)'s savings clause allowed him to seek § 2241 relief because § 2255 was "inadequate or ineffective to test the legality of his detention." § 2255(e). Specifically, Lewis argued that *Mathis* and *Tanksley* exposed a "fundamental defect" in his sentence that he cannot challenge with a second or successive § 2255 motion because these cases

---

[2] Although § 2255 motions must be brought in the district where the movant was convicted, § 2241 petitions must be brought in the district where the petitioner is confined. *See Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016). Thus, insofar as Lewis may challenge his sentence under § 2241, he has chosen the correct venue to do so.

3

announce a new rule of statutory interpretation as opposed to a new rule of constitutional law. R. 28 (quoting *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)); *see also* § 2255(h) (authorizing second or successive § 2255 motions only in cases of newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court").

The district court dismissed Lewis' petition for lack of jurisdiction. It explained that Lewis could have argued in his § 2255 motion that *Ford* should be overturned and he could have then sought en banc or certiorari review to achieve that end. Citing to our decision in *Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011), the district court accordingly held that § 2255 was adequate to test the legality of Lewis' detention. Thus, the district court determined that § 2255(e)'s savings clause didn't apply and Lewis couldn't attack his sentence under § 2241. Lewis appeals.[3]

## Analysis

"A § 2255 motion is ordinarily the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale*, 829 F.3d at 1165. Thus, a district court normally lacks jurisdiction to entertain a § 2241 petition challenging a federal prisoner's conviction or sentence. *See Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013). But a federal prisoner may proceed under § 2241 in "rare instances" when "§ 2255 fail[s] as an adequate or effective remedy to

---

[3] As a federal prisoner, Lewis doesn't need a certificate of appealability to appeal the district court's order dismissing his § 2241 petition. *See Eldridge v. Berkebile*, 791 F.3d 1239, 1241 (10th Cir. 2015).

4

challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also* § 2255(e) (authorizing federal prisoner to file § 2241 petition if it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention"). We have explained that if "a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion . . . , then the petitioner may not resort to the savings clause and § 2241." *Prost*, 636 F.3d at 584. In other words, the savings clause "is concerned with process—ensuring the petitioner an *opportunity* to bring his argument—not with substance—guaranteeing nothing about what the *opportunity* promised will ultimately yield in terms of relief." *Id.*

Lewis argues that the savings clause applies because his *Mathis* argument was unavailable to him when he filed his initial § 2255 motion. Further, he says, *Mathis* isn't a new rule of constitutional law that would've given him a basis to file a second or successive § 2255 motion. Thus, the only way Lewis could've prevailed under § 2255 is if he anticipated *Mathis*, argued it in the face of conflicting Fifth Circuit precedent, secured a writ of certiorari or en banc review, and convinced the Supreme Court or en banc Fifth Circuit that his position was correct.

We don't doubt that this would have been an uphill battle; but Lewis at least had the *opportunity* to take this path. And *Prost* makes clear that this *opportunity*—as unlikely as success might have been—forecloses our application of § 2255(e)'s savings clause. *See* 636 F.3d at 590 (declining to apply savings clause after Supreme

5

Court announced new rule of statutory interpretation reversing circuit precedent in effect at time of petitioner's § 2255 motion).

Lewis acknowledges that *Prost* poses a problem for his § 2241 petition. Instead of attempting to distinguish *Prost*, he simply asks us not to follow it. Lewis notes that several of our sibling circuits follow what's known as the erroneous-circuit-foreclosure test. Courts following that test apply the savings clause if a circuit court's subsequently overturned interpretation of a statute precluded relief at the time the § 2241 petitioner moved for relief under § 2255. *See, e.g.*, *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016) (invoking savings clause where § 2241 petitioner "show[ed] (1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect"); *Davenport*, 147 F.3d at 610 (allowing § 2241 petition to proceed because (1) "[t]he law of the circuit was . . . firmly against" petitioner when he filed § 2255 motion; (2) the Supreme Court subsequently adopted novel interpretation of relevant statute favorable to petitioner; and (3) petitioner couldn't file a second or successive § 2255 motion because change in law was statutory, not constitutional). *But see McCarthan v. Dir. of Goodwill Indus.-Suncoast*, Inc., 851 F.3d 1076, 1099–1100 (11th Cir. 2017) (en banc) (overturning prior Eleventh Circuit precedent applying erroneous-circuit-foreclosure test). *See generally McCarthan*, 851 F.3d at 1084–85 (discussing six-way circuit split over savings clause's application).

But we specifically rejected that approach in *Prost*. *See* 636 F.3d at 593–94. Absent intervening Supreme Court precedent or en banc review, this panel cannot revisit that decision. *See United States v. Fager*, 811 F.3d 381, 388 n.5 (10th Cir. 2016). Therefore, the savings clause doesn't apply and § 2255(e) precludes the district court from hearing Lewis' § 2241 petition. Accordingly, we affirm.


Entered for the Court


Nancy L. Moritz
Circuit Judge