**REVISED April 13, 2017**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11078
Conference Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

DANTANA TANKSLEY,

      Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

ON PETITION FOR REHEARING EN BANC

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

REAVLEY, Circuit Judge:

The government has filed a petition for en banc rehearing. The en banc petition remains pending. This court supplements its opinion entered on petition for panel rehearing to reaffirm that, under Texas law, section 481.112(a) of the Texas Health and Safety Code is indivisible and "establishes alternative means of punishing an offense in the continuum of drug distribution." *Weinn v. State*, 326 S.W.3d 189, 194 (Tex. Crim. App. 2010); *see United States v. Tanksley*, 848 F.3d 347, 352 (5th Cir. 2017). We reached this

conclusion based on *Lopez v. State*, 108 S.W.3d 293 (Tex. Crim. App. 2003). In urging the en banc court to rehear the case, the government argues our holding "is clearly inconsistent with *Guerrero v. State*, 305 S.W.3d 546 (Tex. Crim. App. 2009), which controls the issue and holds that manufacturing and possessing with intent to deliver a controlled substance are separate offenses." The government's argument is misguided because it is drawn from a plurality opinion. *Weinn* makes clear that *Guerrero* never upset *Lopez*. *Weinn*, 326 S.W.3d at 193 (footnotes omitted) (explaining that, in *Guerrero*, the "majority, comprised of two concurring judges and three dissenting judges, noted that the legislature did not intend multiple punishments for manufacture and simultaneous possession with intent to deliver with respect to a single quantity of controlled substances."). Without a doubt, *Weinn* "definitively" establishes that Section 481.112 is an indivisible statute. *See Mathis v. United States*, 136 S.Ct. 2243, 2256 (2016).[1]

---

[1] We note a typographical error in the original Opinion, which wrongly referenced "*Hinkle's* holding that Section 481.112 is *divisible*." *Hinkle*, of course, found Section 481.112 to be *in*divisible. To avoid any future confusion, we also note that our harmless error analysis relied exclusively on the test set forth in *United States v. Ibarra-Luna*, 628 F.3d 712 (5th Cir. 2010), because the district court did not consider the correct guidelines range. We have also held in *United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012): "[A] guidelines calculation error is harmless where the district court has considered the correct guidelines range and has stated that it would impose the same sentence even if that range applied."