[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-10524
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cr-00303-JDW-JSS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEANDRE MARQUI GRAY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 3, 2017)

Before HULL, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

DeAndre Gray appeals the 240-month sentence the district court imposed after he pled guilty to one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846.  Mr. Gray argues that the district court improperly sentenced him as a career offender under U.S.S.G. § 4B1.1(b)(1) because it relied on three prior Texas convictions that the Fifth Circuit recently held do not qualify as controlled substance offenses under the Sentencing Guidelines.  *See United States v. Tanksley*, 848 F.3d 347, 352 (5th Cir.), *supplemented*, 854 F.3d 284 (5th Cir. 2017).

At the time of his sentencing, Mr. Gray failed to object to the district court's application of the career-offender enhancement under the Sentencing Guidelines, so we review his challenge for plain error.  Under that highly circumscribed review, there can be no plain error unless, at the time of the district court's ruling, controlling precedent from the Supreme Court or this Circuit directly established that the district court's ruling was erroneous.  *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

Mr. Gray failed to establish plain error because he has not cited a single case from the Supreme Court or this Circuit directly holding that the Texas convictions at issue on this appeal do not qualify as controlled substance offenses under the Sentencing Guidelines.  Indeed, by relying almost exclusively on *Tanksley*, Mr. Gray all but concedes that no binding precedent existed to establish plain error.

2

Mr. Gray, moreover, has not shown that he was prejudiced by any error because the district court sentenced him to 240 months' imprisonment, which is within the guidelines range (235–293 months) he would have been subject to but for his career offender status, and he has not demonstrated that the district court would have imposed an even lower sentence.

Accordingly, we affirm Mr. Gray's sentence.

**AFFIRMED.**