# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11734
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY LAMOND THOMAS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:14-CR-441-1

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.
PER CURIAM:[*]

Anthony Lamond Thomas appeals the 180-month sentence imposed following his guilty plea conviction for possessing with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e). Thomas argues that the district court erred by sentencing him pursuant to the provisions of the Armed Criminal Career Act (ACCA), § 924(e)(1), based on his two prior

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11734

convictions for possession with intent to deliver cocaine, one prior conviction for delivery of cocaine, and one prior conviction for robbery.

We review de novo the district court's legal application of the ACCA. *See United States v. Hawley*, 516 F.3d 264, 269 (5th Cir. 2008). Under the ACCA, a defendant, like Thomas, who is convicted of possession of a firearm by a felon pursuant to § 922(g) is subject to enhanced punishment if he has at least three prior convictions for a "serious drug offense" or a "violent felony" committed on different occasions. § 924(e)(1).

Thomas argues that his three prior drug convictions under Section 481.112 of the Texas Health and Safety Code, which prohibits the knowing manufacture, delivery, or possession with intent to deliver a controlled substance, are not "serious drug offenses" for purposes of the ACCA because the Texas statute can be violated by an offer to sell, which is not included in the ACCA's definition of a "serious drug offense." He recognizes that we rejected this argument in *United States v. Vickers*, 540 F.3d 356, 364-65 (5th Cir. 2008), but he contends that *Vickers* has been undermined by *Johnson v. United States*, 135 S. Ct. 2551, 2559, 2563 (2015), and *Torres v. Lynch*, 136 S. Ct. 1619 (2016).

The ACCA's definition of a "serious drug offense," § 924(e)(2)(A), was not at issue in either *Johnson* or *Torres*, and those cases do not represent an intervening change in the law regarding whether the Texas drug offenses at issue qualify as serious drug offenses under the ACCA and do not—either explicitly or implicitly—overrule our prior precedent. *See Vickers*, 540 F.3d at 364-66; *see also United States v. Winbush*, 407 F.3d 703, 706-08 (5th Cir. 2005). Thomas's reliance on *United States v. Tanksley*, 848 F.3d 347 (5th Cir.), *supplemented by* 854 F.3d 284 (5th Cir. 2017), and *United States v. Renteria-*

2

No. 16-11734

*Martinez*, 847 F.3d 297 (2017), *pet. for cert. filed* (June 20, 2017) (No. 16-9608), is unavailing for the same reason.

Accordingly, because Thomas's three prior drug convictions are "serious drug offenses," the district court did not err in sentencing Thomas under the ACCA based on those convictions. In light of this, we need not address whether Thomas's Texas conviction for robbery is a violent felony under the ACCA.

The judgment of the district court is AFFIRMED.