# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30868

United States Court of Appeals
Fifth Circuit

**FILED**
November 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

DENNIS JOSEPH BRASS, also known as Joe,

      Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:14-CR-216-1

Before DENNIS, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:*

      Dennis Joseph Brass pleaded guilty to conspiring to distribute and to possess with intent to distribute 50 grams or more of methamphetamine, and 500 grams or more of a mixture and substance containing methamphetamine. The district court sentenced Brass to 160 months in prison after applying the career offender enhancement in U.S.S.G. § 4B1.1(a) to calculate the applicable sentencing guidelines range. The district court's application of this

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement was based on its determination that Brass's two prior Texas convictions for possession with intent to deliver a controlled substance under section 481.112(a) of the Texas Health and Safety Code (THSC) constituted controlled substance offenses within the meaning of § 4B1.1. Brass did not object to the application of the career offender enhancement.

On appeal, Brass challenges his sentence, contending that the district court reversibly erred in determining that his convictions under THSC section 481.112(a) constituted controlled substance offenses within the meaning of the guidelines. Because Brass did not object to the enhancement in the district court, we review his challenge for plain error. *See Puckett v. United States*, 556 U.S. 129, 133–34 (2009). Under plain-error review, Brass must demonstrate an error that was plain or obvious and that affected his substantial rights. *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc). Upon such a showing, we have discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (cleaned up).

While this appeal was pending, this court held that convictions under THSC section 481.112(a) do not constitute controlled substance offenses under U.S.S.G. § 4B1.1. *United States v. Tanksley*, 848 F.3d 347 (5th Cir.), *supplemented by* 854 F.3d 284 (5th Cir. 2017). Accordingly, the district court's application of the career offender enhancement under § 4B1.1 constituted plain error. *See Escalante-Reyes*, 689 F.3d at 423 ("[W]here the law is unsettled at the time of trial but settled by the time of appeal, the 'plainness' of the error should be judged by the law at the time of appeal."). The Government correctly concedes that this error affected Brass's substantial rights given the 100-month disparity between the bottom of the incorrect guidelines range and the top of the correct guidelines range. The Government also agrees with Brass that we should correct the error by remanding the case for resentencing. In

No. 15-30868

light of the Government's position and the error's substantial impact on Brass's guidelines range, we exercise our discretion to VACATE the district court's sentence and REMAND for resentencing.