# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40883
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 27, 2018

Lyle W. Cayce
Clerk

KELVIN ANDRE SPOTTS,

Petitioner-Appellant

v.

U.S. PENITENTIARY WARDEN FRANK LARA,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:17-CV-207

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Kelvin Andre Spotts, federal prisoner # 05613-088, was convicted of conspiracy to distribute and possess with intent to distribute marijuana, cocaine, and cocaine base; using and carrying firearms during and in relation to a drug trafficking crime; and conspiracy to launder monetary instruments. He now appeals the district court's dismissal of his 28 U.S.C. § 2241 petition

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40883

wherein he argued that in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), *United States v. Tanksley*, 848 F.3d 347 (5th Cir.), *supplemented by* 854 F.3d 284 (5th Cir. 2017), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), his prior Georgia drug conviction no longer qualified as a predicate felony offense for purposes of a sentence enhancement under 21 U.S.C. § 851. Spotts contends that the district court erred in determining that he failed to satisfy the requirements of the savings clause of 28 U.S.C. § 2255(e).

Our review is de novo. *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005). Because Spotts challenges the legality of his sentence, rather than the manner in which it is being executed, his claim is properly construed as arising under § 2255. *See id.* at 425-26. Nevertheless, under the savings clause of § 2255(e), a § 2241 petition may be considered if Spotts shows that § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255(e). To satisfy § 2255(e)'s saving clause, Spotts must establish that (1) his claim is "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense," and (2) his claim was "foreclosed by circuit law at the time when the claim should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

As the district court correctly determined, Spotts has failed to make such a showing. *See id.* at 904. We have repeatedly held that challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e). *See, e.g., In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla*, 416 F.3d at 426-27.

The judgment of the district court is AFFIRMED.