# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40141
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 11, 2019

Lyle W. Cayce
Clerk

CHRISTOPHER MICHAEL PENSON,

Petitioner-Appellant

v.

WARDEN, FEDERAL CORRECTIONAL INSTITUTE THREE RIVERS,

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CV-403

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Christopher Michael Penson, federal prisoner # 57967-180, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition in which he challenged the 120-month sentence imposed after his conviction for possession with intent to distribute cocaine base. The district court for the Southern District of Texas, where Penson was incarcerated at the time he filed his § 2241 petition, found that he did not meet the requirements of the savings clause of 28 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40141

§ 2255(e). We review the denial of Penson's petition de novo. *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003).

A prisoner may use § 2241 to challenge his conviction only if the remedy under § 2255 is inadequate or ineffective to contest the legality of his detention. § 2255(e). A § 2241 petition is not a substitute for a § 2255 motion, and Penson must establish the inadequacy or ineffectiveness of a § 2255 motion by meeting the savings clause of § 2255. *See* § 2255(e); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Under that clause, Penson must show that his petition sets forth a claim based on a retroactively applicable Supreme Court decision that supports that he may have been convicted of a nonexistent offense and that the claim was foreclosed when it should have been asserted in his trial, direct appeal, or original § 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Penson maintains that he was determined to be a career offender under the Sentencing Guidelines based on predicate convictions that no longer merit the enhancement. Relying on *Mathis v. United States*, 136 S. Ct. 2243 (2016), *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), he argues that he is actually innocent of the career-offender enhancement and that its application violates principles of equal protection and fair sentencing. He suggests that he may raise his instant claims in a § 2241 petition because he cannot file a successive § 2255 motion.

Penson contends only that his sentence was illegally enhanced and does not maintain that he was convicted of a nonexistent crime or that he is actually innocent of the offense of conviction. Challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e). *See In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000). He

2

otherwise has not cited a retroactively applicable Supreme Court decision that addresses whether he was convicted of conduct that is not a crime. *See Padilla*, 416 F.3d at 425-26; *Reyes-Requena*, 243 F.3d at 904. His previous inability to obtain relief under § 2255 and the likelihood that his subsequently filed § 2255 motions will be treated as successive does not render the remedy under § 2255 inadequate or ineffective. *See Jeffers*, 253 F.3d at 830; *Kinder*, 222 F.3d at 213.

In light of the foregoing, the judgment of the district court is AFFIRMED. The Government's motions for summary affirmance or, in the alternative, an extension of time to brief the merits are DENIED.