# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40681
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 8, 2019

Lyle W. Cayce
Clerk

ALBERT SMITH, III,

Petitioner-Appellant

v.

RACHEL CHAPA, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:17-CV-217

Before BENAVIDES, HIGGINSON, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Albert Smith, III, federal prisoner # 10498-078, appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas petition in which he challenges the 294-month sentence imposed following his guilty plea conviction for possession with intent to distribute 50 grams or more of crack cocaine. Smith argues that the district court erred in finding that he had not demonstrated that he was entitled to seek relief under the savings clause of 28 U.S.C. § 2255.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40681

This court reviews findings of fact for clear error and conclusions of law de novo. *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003). A § 2241 petition cannot be used as a substitute for a § 2255 motion, and Smith must demonstrate the inadequacy or ineffectiveness of a § 2255 motion by satisfying the savings clause of § 2255. *See* § 2255(e); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Under that clause, a petitioner may file a § 2241 petition if he shows that the petition asserts a claim "based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense" and that the claim was "foreclosed by circuit law at the time when [it] should have been raised in [his] trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904.

Relying on a retroactive application of *Mathis v. United States*, 136 S. Ct. 2243 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017), Smith contends that his sentence as a career offender was unauthorized by law and resulted in a fundamental defect that constitutes a miscarriage of justice. He asserts that he is serving a sentence that exceeds the "statutory" maximum guideline sentence and that he can seek relief under § 2241 because the remedy under § 2255 is inadequate or ineffective to test the legality of his detention.

Smith contends only that his sentence was illegally enhanced and does not maintain that he was convicted of a nonexistent crime or that he is actually innocent of the offense of conviction. Challenges to the validity of a sentencing enhancement do not satisfy the savings clause of § 2255(e). *See In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011); *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000).

Accordingly, the judgment of the district court is AFFIRMED.