# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11245
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 19, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EFRAIN ORONIA-CAMACHO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-88-1

Before STEWART, Chief Judge, and GRAVES and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Efrain Oronia-Camacho appeals his guilty plea conviction for illegal reentry after having been previously deported, in violation of 8 U.S.C. § 1326(a) and (b)(2), and his resulting 18-month sentence. For the first time on appeal, he argues that the district court erred in applying the enhanced statutory maximum of § 1326(b)(2) to his offense because his prior Texas conviction for possession of a controlled substance with the intent to distribute was not an aggravated felony.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11245

Because the argument was not raised below, this court's review is limited to plain error. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002). To demonstrate plain error, Oronia-Camacho must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Oronia-Camacho is correct that Texas possession of a controlled substance with the intent to deliver is not an aggravated felony because the relevant statute, TEX. HEALTH & SAFETY CODE § 481.112(a), is indivisible, *see United States v. Tanksley*, 848 F.3d 347, 352 (5th Cir.), *supplemented*, 854 F.3d 284 (5th Cir. 2017); *United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016), and includes a mere offer to sell, *see United States v. Ibarra-Luna*, 628 F.3d 712, 715-16 (5th Cir. 2010). Offers to sell a controlled substance do not constitute an aggravated felony. *See id.* at 716. Consequently, his prior conviction did not warrant the enhanced 20-year statutory maximum of § 1326(b)(2); instead, it was a felony conviction within the meaning of § 1326(b)(1), resulting in a 10-year statutory maximum. *See id.*

However, the district court's error does not require us to vacate Oronia-Camacho's sentence as he fails to show that the court's finding that he committed an aggravated felony under § 1326(b)(2) affected the 18-month sentence he received. Nevertheless, it is appropriate for us to reform the judgment to reflect that Oronia-Camacho's conviction and sentence were based on 8 U.S.C. § 1326(b)(1). *See United States v. Mondragon-Santiago*, 564 F.3d 357, 369 (5th Cir. 2009).

AFFIRMED AS REFORMED.

2