# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 5, 2021

Lyle W. Cayce
Clerk

No. 20-50297
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DEXTER DARNELL HEWITT, ALSO KNOWN AS DEXTER CURNELL
HEWITT,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-149

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant, Dexter Darnell Hewitt, appeals the district court's denial of his motion for sentence reduction filed pursuant to section 404 of the First Step Act of 2018, Pub. L. 115-391, § 404, 132 Stat. 5194–249

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

(2018).  The First Step Act allows defendants who were convicted and sentenced for certain offenses involving cocaine base ("crack"), prior to the effective date of the Fair Sentencing Act of 2010, to be resentenced as if the reduced statutory minimum penalties implemented by the Fair Sentencing Act were in place at the time the offenses were committed.  On January 7, 2009, Hewitt was sentenced to serve 236 months imprisonment based on a sentencing guidelines range of 210–262 months.

Section 404 gives courts the discretion to retroactively apply the Fair Sentencing Act to reduce a prisoner's sentence for certain covered offenses. *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019) ("It is clear that the First Step Act grants a district judge limited authority to consider reducing a sentence previously imposed.").  The district court's decision whether to reduce a sentence pursuant to the First Step Act is generally reviewed for an abuse of discretion. *United States v. Stewart,* 964 F.3d 433, 435 (5th Cir. 2020);  *United States v. Jackson*, 945 F.3d 315, 319 & n.2 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2699 (2020).  It is the defendant's burden to "show that the trial judge's action amounted to an . . . abuse of discretion." *United States v. Garcia*, 693 F.2d 412, 415 (5th Cir. 1982).  "A court abuses its discretion when the court makes an error of law or bases its decision on a clearly erroneous assessment of the evidence." *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011) (internal quotation marks and citation omitted). "[T]o the extent the court's determination turns on the meaning of a federal statute such as the [First Step Act]," *de novo* review applies. *Jackson*, 945 F.3d at 319 (internal quotation marks and citation omitted).

On appeal, Hewitt challenges the district court's refusal to consider the lower, non-career offender sentencing range that would apply if he were sentenced in 2020, rather than in 2009, in deciding whether to grant his First Step Act motion for sentence reduction.  In support of his position, Hewitt

No. 20-50297

contends that the district court erroneously interpreted *Hegwood* to "bar[] it from considering the fact that [he] no longer qualifies as a career offender under current law," yielding a resulting non-career offender guidelines imprisonment range of only 63 to 78 months, rather than the 210–262 months associated with his career offender status. Finding no abuse of discretion or legal deficiency in the district court's ruling, we AFFIRM.

Certain of our recent decisions discuss the background and mechanics of the First Step Act at length. *See United States v. Batiste,* 980 F.3d 466 (5th Cir. 2020); *United States v. Robinson*, 980 F.3d 454 (5th Cir. 2020); *United States v. Carr,* 823 F. App'x 252 (5th Cir. 2020). Thus, it is unnecessary to repeat that exercise here. Having considered those principles, however, we are not persuaded that any legal error occurred in the district court's assessment of Hewitt's motion. Specifically, we are not convinced that the district court based its determination on an erroneous interpretation of the First Step Act, or any of our decisions interpreting the statute. Instead, as we concluded in our recent decisions in *Batiste, Robinson,* and *Carr*, it is more plausible, on the record before us, that the district court, having evaluated all pertinent factors, simply exercised its statutory discretion to deny the motion. Nor are we convinced that the district court abused that discretion.

Having confirmed that Hewitt's original sentence of 236 months does not exceed the amended statutory maximum of 40 years imprisonment applicable under § 2 of the Fair Sentencing Act, see 21 U.S.C. §§ 841(b)(1)(C) and 860(a), the district court explained its decision:

> Hewitt was a career offender under the sentencing guidelines. Pursuant to §4B1.1, Hewitt's offense level was determined not by the quantity of drugs he possessed, but by his criminal history. Hewitt stood convicted of a controlled substance and had at least two prior convictions of either a crime of violence or a controlled substance offense. U.S.S.G.

3

§4B1.1 (a). Because the statutory maximum for his offense was 25 years or more, his offense level was automatically set at 34. U.S.S.G. §4B1.1 (b). A career offender's criminal history category is always VI, regardless of the number of points a particular defendant may have. U.S.S.G. §4B1.1 (b). The application of the Fair Sentencing Act to Hewitt's case did not change his guideline range in any manner—his original range remains 262 to 327 months imprisonment.

Hewitt asserts that he would not be a career offender under the current state of the law because his prior drug convictions no longer qualify as predicate offenses, citing *United States v. Tanksley,* 848 F.3d 347 (5th Cir. 2017) and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016)[,] and he would be facing a much lower sentence today. Hewitt is a career offender—that designation, as Hewitt acknowledges, cannot be revisited. To do so would "encompass a broad resentencing rather than a reduction solely based on the Fair Sentencing Act." *Hegwood*, 934 F.3d at 417. If Hewitt's designation as a career offender could be viewed in the manner that he wishes, he would be subject to an upward departure under any version of the guidelines, U.S.S.G. §4A1.3, or a variance based on the 18 U.S.C. §3553(a) factors.

The Court must therefore decide whether to exercise its discretion and reduce Hewitt's sentence. The facts underlying his original sentence are certainly not helpful to Hewitt. All three of Hewitt's prior convictions are for serious felony offenses—drug distribution and aggravated robbery—for which he was sentenced from 12 to 20 years imprisonment. In addition, Hewitt was charged with escape from custody, but that charge was dismissed when he was convicted in another case. PSR ¶ 41. He was on parole when he committed this offense. PSR ¶ 38. Although Hewitt was only arrested with 18.47 grams of crack cocaine, it is clear from the facts of his case that he was a very active dealer. PSR ¶¶ 5-13. A fact that cannot be denied is that Hewitt was literally caught conducting drug

deals with his small child in the back of his vehicle. PSR ¶ 10. He also actively attempted to conceal his criminal conduct, to avoid law enforcement, he brazenly entered someone else's residence in order to dispose of crack cocaine. PSR ¶ 8-9.

In the end this Court finds that what Hewitt seeks is not truly seeking relief under the Act (other than technically). He is asking this Court to reconsider the sentence that the original judge found was appropriate given his criminal conduct and criminal history. The Court notes that the sentencing court granted Hewitt's objection reducing his range from 262-327 down to 210-262 months indicating that the sentencing court acted in a manner that was fair and unbiased towards Hewitt. This Court has no ability to determine that the original sentence was unfair in any way, and this Court has even less visibility into all the factors that a Court should take into consideration with respect to what an appropriate sentence should be.

The foregoing explanation reflects several important points. First, the district court unquestionably fully understood the grounds of Hewitt's motion and the entirety of his supporting arguments. Indeed, both Hewitt's original motion and reply memorandum strongly urge that neither *Hegwood* nor *Jackson* "bar[s] a court from considering" the fact that, if sentenced today, Hewitt would not be designated as a career offender, and exercising its discretion to reduce the sentence accordingly based on the factors in 18 U.S.C. § 3553(a). And, to bolster this argument, Hewitt's reply included citations for a number of cases in which district courts in other circuits have granted reductions despite an unchanged guidelines range.

Furthermore, the district court's order likewise reveals that the court's primary rationale for denying the motion was the nature and seriousness of Hewitt's criminal history and conduct, when coupled with the absence of any indication that his original sentencing was marred by

unfairness or bias. There certainly is no suggestion that the district court would have granted Hewitt's request but for a perceived prohibition against *any* consideration of the lower guidelines range that would apply if Hewitt were sentenced today. To the contrary, the district court expressly describes the decision before it as one within its discretion. Then, having acknowledged that discretion, the district court outlines, in detail, the several "unhelpful" facts underlying Hewitt's original sentence. It also emphasizes that Hewitt "would be subject to an upward departure under any version of the guidelines, [] or a variance based on the 18 U.S.C. §3553 factors[,]" if the career offender designation were removed from his guidelines calculation.

Lastly, the district court's order characterizes Hewitt's request as one in effect seeking reconsideration of the sentence that the original judge "found appropriate given [Hewitt's] criminal conduct and criminal history," rather than "truly seeking relief under the Act." This characterization further confirms that the district court, considering the record before it, simply concluded that a reduction of Hewitt's sentence was unwarranted rather than unavailable.

Accordingly, for the reasons stated herein, we AFFIRM.