# United States Court of Appeals
# for the Fifth Circuit

---

No. 21-50627
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 11, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jesse Anthony Heredia,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-1075-1

---

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Jesse Anthony Heredia pled guilty to possession with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Based upon the determination that he was a career offender pursuant to U.S.S.G. § 4B1.1, the district court sentenced him to 188 months of imprisonment, followed by five years of supervised release. On appeal,

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Heredia argues, and the Government concedes, that the district court erred by sentencing him as a career offender.

Because Heredia did not object to the career offender enhancement in the district court, we review only for plain error. *See United States v. Huerra*, 884 F.3d 511, 519 (5th Cir. 2018). To prevail, Heredia must show (1) an error (2) that is clear or obvious, (3) that affects his substantial rights, and (4) that "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Blanco*, 27 F.4th 375, 380 (5th Cir. 2022) (quotation marks and citation omitted).

The Guidelines assign a higher base offense level for certain career offenders who have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1(a); *see also* § 4B1.1(b). In this case, the district court designated Heredia as a career offender based, in part, on Heredia's prior Texas conviction for delivery of cocaine, which the court treated as a "controlled substance offense." As the Government concedes, though, that conviction does not qualify as a "controlled substance offense" under this court's precedent and thus does not support the application of the career offender enhancement. *See United States v. Tanksley*, 848 F.3d 347, 352 (5th Cir.), *supplemented by* 854 F.3d 284 (5th Cir. 2017); *United States v. Hinkle*, 832 F.3d 569, 574–77 (5th Cir. 2016). This was an obvious error. *See United States v. Zuniga*, 860 F.3d 276, 286 (5th Cir. 2017).

The Government concedes that, without the career offender enhancement, Heredia's applicable guidelines range would have been 110 to 137 months of imprisonment. In contrast, the district court's application of the career offender enhancement resulted in a guidelines range of 188 to 235 months of imprisonment, and the district court sentenced Heredia to 188 months of imprisonment, at the bottom of that range. The district court said

No. 21-50627

nothing to suggest that it would have imposed a 188-month sentence regardless of the guidelines range. To the contrary, the district court explicitly acknowledged that it was the career offender enhancement that was "really hurting" Heredia at sentencing. Under these circumstances, the career offender enhancement impacted Heredia's substantial rights, as the Government concedes. *See Zuniga*, 860 F.3d at 286. We further hold that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings, particularly considering the Government's concessions. *See id.*

We AFFIRM Heredia's conviction, VACATE his sentence, and REMAND to the district court for resentencing.[1]

---

[1] Because we are vacating and remanding his entire sentence, we do not reach Heredia's argument concerning the dangerous weapon enhancement under U.S.S.G. § 2D1.1(b)(1). *See United States v. Akpan*, 407 F.3d 360, 377 n.62 (5th Cir. 2005). As for Heredia's request that we reassign the case to a different judge on remand, we deny that request because we are not persuaded that the district court is "unable to exercise impartial judgment" on resentencing. *United States v. Williams*, 400 F.3d 277, 283 (5th Cir. 2005).