# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-30612
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CARDELL MITCHELL,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:21-CR-300-1

---

Before GRAVES, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Cardell Mitchell appeals his 96-month sentence for possessing firearms as a convicted felon under 18 U.S.C. § 922(g).  For the first time on appeal, he raises three objections to the district court's application of the Sentencing Guidelines, namely that:  his prior marijuana offense was not a "controlled substance offense" under U.S.S.G. § 2K2.1(a), his prior offense

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

of domestic abuse battery by strangulation was not a "crime of violence" under § 2K2.1(a), and the enhancement for using or possessing the firearms in connection with another felony offense was erroneously applied.

Because Mitchell forfeited these objections, our review is for plain error. *See United States v. Hott*, 866 F.3d 618, 621 (5th Cir. 2017). He must show an error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but should do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* We may affirm the district court on the substantial rights prong without first determining whether there was an error that was clear or obvious. *See United States v. Pierre*, 88 F.4th 574, 581 (5th Cir. 2023).

A Guidelines error affects the defendant's substantial rights if there is a reasonable probability that it affected his sentence. *See Molina-Martinez v. United States*, 578 U.S. 189, 193–94 (2016). Generally, a showing that the district court applied an erroneously high Guidelines range establishes that the defendant's substantial rights were affected. *Id.* at 200. However, an exception applies if "the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Id.*

Mitchell contends that the combined errors affected his substantial rights because both the 120-month Guidelines range applied by the district court and his 96-month sentence were well above the purportedly correct range of 41-to-51 months, and because the district court felt that Mitchell deserved a significant downward variance. Citing *United States v. Tanksley*, 848 F.3d 347, 353 (5th Cir.), *supplemented*, 854 F.3d 284 (5th Cir. 2017), he argues that the district court's statement that it would impose the same sentence even if it erred calculating the Guidelines range is not sufficient to defeat appellate review of the Guidelines errors. The Government agrees

with Mitchell that the district court plainly erred by determining that his prior marijuana offense was a controlled substance offense but disagrees as to the other alleged Guidelines errors.

However, *Tanksley* does not control the substantial rights inquiry in this case because *Tanksley* involved a preserved Guidelines objection reviewed for harmlessness. *See* 848 F.3d at 353. Instead, our holding on plain error review in *Hott* controls. In *Hott*, 866 F.3d at 621, the district court likewise indicated that it would impose the same sentence under the 18 U.S.C. § 3553(a) factors even if its Guidelines calculation were incorrect, and it explained that the selected sentence was necessary to satisfy several of the factors. We held that the Guidelines error did not affect the defendant's substantial rights under *Molina-Martinez* because "the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Id.* (internal quotation marks and citations omitted).

Here, the district court carefully considered how the § 3553(a) factors applied in Mitchell's case before concluding that a 96-month sentence was appropriate because of his history and characteristics. The court noted that Mitchell's criminal history, though significant, did not include the use of a firearm, and it emphasized his history of mental health struggles, his drug dependency, and his strong family support. The court then informed the parties that it would impose the same sentence even if its application of the Guidelines were incorrect. We thus "take the district court at its clear and plain word." *United States v. Castro-Alfonso*, 841 F.3d 292, 298 (5th Cir. 2016). Mitchell fails to satisfy the substantial rights prong because "the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Molina-Martinez*, 578 U.S. at 200. Accordingly, he fails to show plain error. *See Puckett*, 556 U.S. at 135.

AFFIRMED.