# United States Court of Appeals for the Fifth Circuit

———————

No. 24-40623
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
July 3, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ramon Paras Manguera, Jr.,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:22-CR-1711-1

———————————————————

Before Barksdale, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:*

Ramon Paras Manguera, Jr., challenges his guilty-plea conviction and below-Guidelines 84-months' sentence for possession of a firearm not registered to him in the National Firearms Registration and Transfer Record (NFRTR), in violation of 26 U.S.C. § 5861(d). He contends: his guilty plea was not supported by an adequate factual basis; the district court erred in

———————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

calculating his base offense level; and it imposed special conditions of supervised release in the written judgment that were not orally pronounced at sentencing.

Regarding Manguera's challenge to the factual basis of his guilty plea, he maintains the record does not support that he knew of the features of the firearm that brought it within the scope of the statute (*i.e.*, that the weapon was a shotgun with a barrel of less than 18 inches in length). Manguera, however, did not preserve this issue in district court (as he also correctly concedes). Because the issue was not preserved in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

A district court may not enter a judgment of conviction based on a guilty plea unless there is a factual basis for the plea. Fed. R. Crim. P. 11(b)(3). To determine whether the factual basis supports a guilty plea, the court must compare the elements of the charged crime with the conduct to which defendant admits. *Broussard*, 669 F.3d at 546. Our court may look at the whole record to determine whether the guilty plea was supported by a factual basis, including, *inter alia*, facts gleaned from the plea colloquy, findings of fact relied upon in the presentence investigation report, and fairly drawn inferences from the evidence introduced post-plea and at the sentencing hearing. *See United States v. Trejo*, 610 F.3d 308, 317 (5th Cir. 2010).

Manguera has not shown the requisite clear-or-obvious error. *See Puckett*, 556 U.S. at 135; *United States v. Tovar*, 719 F.3d 376, 390–91 (5th Cir. 2013); *United States v. Reyna*, 130 F.3d 104, 109 n.6 (5th Cir. 1997). The entire record included sufficient facts to support a finding that he knew of the relevant features or characteristics of the firearm. The undisputed facts were that the shotgun at issue had a sawed-off barrel that measured 12 and 1/4 inches. The shortened barrel length, which was considerably less than 18 inches, was an obvious and externally visible feature apparent to anyone observing it. *See Tovar*, 719 F.3d at 390–91; *Reyna*, 130 F.3d at 109 n.6 ("The fact that a shotgun's length is obvious and apparent is . . . a means of proving knowledge") (citation omitted). The record does not reflect, and Manguera does not allege, that he never saw the firearm. Rather, he admitted that he "knowingly and intentionally possess[ed] a firearm, to wit: a Remington, Model 870, 12[-]gauge caliber shotgun" that was not registered to him in the NFRTR, and he stated he knew it was illegal for him "to participate in this activity".

Turning to Manguera's challenges to his sentence, he first asserts the district court incorrectly assessed a base offense level of 22 under Sentencing Guideline § 2K2.1(a)(3) (described *infra*) by concluding that his prior Texas conviction for the manufacture and delivery of a controlled substance constituted a controlled-substance offense.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual

findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The Guidelines provide for a base offense level of 22 where an offense involved a "firearm as described in 26 U.S.C. § 5845(a)", and defendant committed the offense after a felony conviction of a controlled-substance offense. U.S.S.G. § 2K2.1(a)(3). Guideline § 4B1.2(b) and Application Note 1 of the Commentary to § 4B1.2 define "controlled substance offense" as a crime under federal or state law that is punishable by a prison term exceeding one year and that prohibits, *inter alia*: the manufacture, distribution, or dispensing of a controlled substance; or the possession of a controlled substance with the intent to manufacture, import, export, distribute, or dispense. § 4B1.2(b); *see* § 2K2.1, cmt. n.1 (providing that "controlled substance offense" is defined per § 4B1.2(b) and Application Note 1).

Our court has concluded that a conviction under Texas Health and Safety Code § 481.112(a), which effectively is the underlying offense at issue here, is categorically not a controlled-substance offense as that term is defined in Guideline § 4B1.2. *See United States v. Tanksley*, 848 F.3d 347, 352 (5th Cir.), *supplemented by* 854 F.3d 284 (5th Cir. 2017); *United States v. Hinkle*, 832 F.3d 569, 576 (5th Cir. 2016). The offense accordingly does not justify a base offense level of 22 under § 2K2.1(a)(3). *See* U.S.S.G. § 2K2.1, cmt. n.1. The Government agrees that the district court erred in its calculation of the base offense level and does not attempt to show the court would have imposed the same sentence but for the error and would have done so for the same reasons. *See United States v. Alfaro*, 30 F.4th 514, 520 (5th Cir. 2022). There otherwise is no indication that the error was harmless. *See id.* Accordingly, Manguera's sentence should be vacated, and the case should be remanded to the district court for resentencing. *See Tanksley*, 848 F.3d at 353; *Hinkle*, 832 F.3d at 577.

No. 24-40623

Finally, because the sentence has been vacated, there is no need for our court to consider Manguera's contention that the court erred by including conditions of supervised release that were not pronounced at sentencing. *See United States v. Akpan*, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

AFFIRMED in part; VACATED in part; REMANDED to district court for resentencing.