# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11435

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

SHAWN KEITH HOTT,

> Defendant - Appellant

---

Appeal from the United States District Court
for the Northern District of Texas

---

Before STEWART, Chief Judge, and JONES and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Shawn Keith Hott pleaded guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Hott to 120 months of imprisonment. Hott challenges his sentence on appeal. For the reasons set forth below, we AFFIRM.

I

In 2015, Hott approached an unidentified witness who was using a storage facility in Fort Worth, Texas, stating that he makes guns and silencers. Hott showed the witness firearms, homemade silencers, and ammunition. Hott also displayed bags of ammonium nitrate and aluminum powder, which he stated could be combined to explode and level a building. Concerned by Hott's

No. 16-11435

statements and display, the witness alerted law enforcement authorities. Federal agents later entered Hott's storage unit pursuant to a search warrant and seized thousands of rounds of ammunition, along with bags of ammonium nitrate and aluminum powder. A subsequent search of Hott's RV pursuant to a search warrant revealed firearms, silencers, and more ammunition.

Hott was indicted for one count of being a felon in possession of a firearm and ammunition under 18 U.S.C. § 922(g)(1). Pursuant to U.S.S.G. § 2K2.1(a)(3), the Presentence Report (PSR) calculated Hott's base offense level to be 22 based on a prior Texas felony conviction for possession with intent to deliver methamphetamine. The PSR added four levels under U.S.S.G. § 2K2.1(b)(1)(B) based on the amount of firearms involved in the offense. The PSR also added four levels under U.S.S.G. § 2K2.1(b)(6)(B) because Hott used or possessed a firearm or ammunition in connection with another felony offense. Finally, the PSR recommended that Hott did not qualify for a sentence reduction based on acceptance of responsibility under U.S.S.G. § 3E1.1(a).

The Sentencing Guidelines range was calculated as 135 to 168 months, but because the statutory maximum sentence was ten years, the Guidelines range became 120 months. The district court sentenced Hott to 120 months.

## II

## A.

First, Hott contends that the district court erred in imposing the § 2K2.1(b)(6)(B) enhancement for using or possessing a firearm in connection with another felony offense. He raised this objection before the district court, which overruled the objection. We review the district court's application of the enhancement de novo and its factual findings for clear error. *See United States v. Coleman*, 609 F.3d 699, 708 (5th Cir. 2010).

The enhancement applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense."

No. 16-11435

U.S.S.G. § 2K2.1 cmt. n.14(A). The district court imposed the enhancement on the basis that Hott possessed silencers in connection with another felony offense, namely, manufacturing and selling silencers in violation of the National Firearms Act. *See United States v. Anderson*, 885 F.2d 1248, 1250-51 (5th Cir. 1989) (en banc) (explaining that a "silencer" is considered a "firearm" under the National Firearms Act). The silencers were not cited in the offense of conviction. If the firearm used to support the enhancement is not a firearm cited in the offense of conviction, the enhancement applies if the offense of conviction and "another felony offense" were "part of the same course of conduct or common scheme or plan." *See* U.S.S.G. § 2K2.1 cmt. n.14(E)(ii).

Hott argues that his possession of the firearm and ammunition cited in the offense of conviction did not facilitate or have the potential of facilitating his manufacture or sale of silencers. But the relevant inquiry here is whether his possession of the silencers not cited in the offense of conviction facilitated or had the potential of facilitating the unlawful manufacture or sale of silencers. *See id.* cmt. n.14(A) & n.14(E)(ii). The district court did not err in concluding that Hott's conduct meets the requirements.

B.

Second, Hott argues that the district court plainly erred by adopting the PSR's recommendation that he should not be given a sentence reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility. A defendant may receive a two-level reduction in offense level if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). This court "will affirm a sentencing court's decision not to award a reduction . . . unless it is without foundation, a standard of review more deferential than the clearly erroneous standard." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (internal quotation marks omitted) (quoting *United States v. Anderson*, 174 F.3d 515, 525 (5th Cir. 1999)). During a presentence interview, Hott was

3

No. 16-11435

"adamant that the firearms and ammunition belonged to the defendant's roommate and coworker who lived with the defendant in his RV." Hott does not show plain error and, in any event, the district court had foundation to deny the reduction.

C.

Third, Hott contends that the government selectively and vindictively prosecuted him, citing the government's enforcement of marijuana laws. Hott's argument lacks adequate legal support. Moreover, Hott waived this argument by entering an unconditional guilty plea.

D.

Finally, Hott argues that the district court erred by imposing a base offense level of 22 pursuant to U.S.S.G. § 2K2.1(a)(3), which requires a previous felony conviction for a crime of violence or controlled substance offense. Because he did not object to application of § 2K2.1 below, we review for plain error. *See United States v. Shepherd*, 848 F.3d 425, 427 (5th Cir. 2017). To satisfy plain error review, Hott must demonstrate that an error was clear or obvious and that it affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Substantial rights are affected when there is "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (internal quotation marks omitted). This court has discretion to correct a plain error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

The district court imposed a base offense level of 22 based on its determination that Hott committed the instant offense subsequent to a Texas felony conviction for possession with intent to deliver a controlled substance. This court recently held that Texas possession with intent to deliver a

controlled substance does not qualify as a controlled substance offense under the Guidelines. *See United States v. Tanksley*, 848 F.3d 347, 351-52 (5th Cir.), *supplemented by* 854 F.3d 284 (5th Cir. 2017). Based on *Tanskley*, the Government concedes error in calculation of the Guidelines range.

Hott still must show "a reasonable probability that, but for the [Guidelines calculation] error, the outcome of the proceeding would have been different." *Molina-Martinez*, 135 S. Ct. at 1343 (internal quotation marks omitted). At sentencing, the district court found after "consider[ing] all of the facts and circumstances" that "the offense conduct as well as the relevant conduct . . . coupled with the defendant's prior criminal history[] justify this particular sentence. . . . I believe this sentence provides just punishment in this case, affords adequate deterrents to others, and protect[s] the public from future crimes of the defendant." In its written statement of reasons, the district court stated that "[e]ven if the guideline calculations are not correct, this is the sentence the Court would otherwise impose under 18 U.S.C. § 3553." Our review of the record shows "that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Id.* at 1346-47 ("The Government remains free to point to parts of the record—including relevant statements by the judge—to counter any ostensible showing of prejudice the defendant may make.") (internal quotation marks and alteration omitted); *see also United States v. Castro-Alfonso*, 841 F.3d 292, 298 (5th Cir. 2016) ("We take the district court at its clear and plain word."); *United States v. Bonilla*, 524 F.3d 647, 656-57 (5th Cir 2008) (finding no reasonable probability of different sentence despite erroneous enhancement where district court stated that even if Guidelines calculation were wrong, "this is the sentence that I

## No. 16-11435

would impose in any event"). Hott fails to show a reasonable probability of a different outcome and does not satisfy plain error review.[1]

### III

The judgment of the district court is AFFIRMED.

---

[1] Hott relatedly argues that the district court erred in failing to adequately explain its written statement that "[e]ven if the guideline calculations are not correct, this is the sentence the Court would otherwise impose under 18 U.S.C. § 3553." This statement was consistent with the district court's oral pronouncement of the sentence based on the § 3553 factors of punishment, deterrence, and protection of the public at sentencing.