# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11685
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 28, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

STORM MICHAEL BLANTON,

Defendant – Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-85-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Storm Michael Blanton ("Blanton") appeals his 90-month, above-guidelines sentence for being a felon in possession of a firearm, alleging that the district court erroneously denied him a reduction for acceptance of responsibility under § 3E1.1 of the United States Sentencing Guidelines ("U.S.S.G."). Blanton contends that the court erred by denying the adjustment based solely on his conduct surrounding his arrest, during which he convinced

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11685

a companion to falsely claim responsibility for the firearm in question. He asserts that the district court failed to give sufficient evidentiary weight to his subsequent guilty plea, which "constitute[s] significant evidence of acceptance of responsibility."[1] Finding no clear error, we affirm.[2]

Citing this court's decisions in *United States v. McDonald*,[3] and *United States v. Surasky*,[4] Blanton asserts that it was legal error for the district court to base its § 3E1.1 determination solely on his conduct at the time of arrest. However, whether a defendant has accepted responsibility—including the weight to be given to a guilty plea—is a "factual determination," not a legal one.[5] To that end, neither *McDonald* nor *Surasky* sets out any rule for interpreting § 3E1.1, let alone the rule Blanton proposes. Nor may either case reasonably be read as supporting his argument in favor of relief.

Blanton concedes that the district court properly assessed an obstruction-of-justice enhancement based on his initial attempt to disclaim responsibility for the firearm.[6] "Conduct resulting in an enhancement [for obstruction of justice] ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct."[7] In light of the obstruction enhancement, Blanton's must be the "extraordinary cas[e]" in which a § 3E1.1 reduction is also appropriate.[8] He makes no argument that it is; rather, he contends that he showed sufficient acceptance of responsibility by pleading guilty and expressing remorse in his presentence interview. This does not

---

[1] U.S.S.G. § 3E1.1 cmt. n.3.

[2] *See United States v. Hott*, 866 F.3d 618, 620 (5th Cir. 2017).

[3] 964 F.2d 390 (5th Cir. 1992).

[4] 976 F.2d 242 (5th Cir. 1992).

[5] *McDonald*, 964 F.2d at 391.

[6] *See* U.S.S.G. § 3C1.1.

[7] *Id.* § 3E1.1 cmt. n.4.

[8] *Id.*; *United States v. Ragsdale*, 426 F.3d 765, 781 (5th Cir. 2005).

suffice to show that the district court's contrary conclusion was without foundation.[9] Nor does it make this case extraordinary.

AFFIRMED.

---

[9] *See United States v. Washington*, 340 F.3d 222, 227 (5th Cir. 2003).