# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40211

United States Court of Appeals
Fifth Circuit

**FILED**
July 25, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

AGUSTINE SANCHEZ-HERNANDEZ, also known as Augustin Sanchez,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, HO, and OLDHAM, Circuit Judges.

ANDREW S. OLDHAM, Circuit Judge:

IT IS ORDERED that our prior panel opinion, *United States v. Sanchez-Hernandez*, 927 F.3d 851 (5th Cir. 2019), is WITHDRAWN and the following opinion is SUBSTITUTED therefor.

Agustine Sanchez-Hernandez argues the district court plainly erred in calculating his Guidelines range at sentencing. That calculation was based on treating his prior state court convictions—for exposing himself to and sexually assaulting a fourteen-year-old girl—as crimes of violence. We affirm.

I.

On October 17, 2017, Sanchez-Hernandez illegally entered the United States for the third time. When officers approached him, Sanchez-Hernandez admitted he had recently waded across the Rio Grande river. So the federal

No. 18-40211

government charged him with illegally reentering the country after having been previously removed. 8 U.S.C. § 1326(a)–(b). Sanchez-Hernandez pleaded guilty on December 6, 2017.

Prior to the scheduled sentencing hearing, the probation office prepared a Pre-Sentence Report ("PSR"). It assigned an offense level of 17 and a criminal history category of IV, which yielded a Guidelines range of 37 to 46 months in prison.[1] Those calculations were based in part on Sanchez-Hernandez's prior criminal history.

First, in 2010, he pleaded guilty to indecency with a child. TEX. PENAL CODE § 21.11. After dancing with a fourteen-year-old girl at a banquet hall, Sanchez-Hernandez took her outside, began kissing her, unzipped his pants, exposed himself, grabbed the girl's hands, and put them on his penis.

Second, also in 2010, a Texas jury convicted Sanchez-Hernandez of sexually assaulting a child based on the same incident. *Id.* § 22.011. After forcing the girl to touch him, Sanchez-Hernandez put his penis in the girl's mouth. The state court sentenced him to concurrent two-year sentences for both offenses and required him to register as a sex offender. Upon his release in 2012, the federal government removed him to Mexico.

Third, in 2014, Sanchez-Hernandez pleaded guilty to illegal reentry. 8 U.S.C. § 1326(a)–(b). Just one month after the government removed him to Mexico, Sanchez-Hernandez rafted across the Rio Grande back into Texas. The federal court sentenced him to 41 months in prison.

The PSR determined these offenses warranted 7 criminal history points. It assigned 3 points for the indecency offense and 3 points for the illegal reentry

---

[1] The PSR initially assigned an offense level of 18, which yielded a Guidelines range of 41 to 51 months. But it also assigned an alternative level-17 calculation in the event the district court awarded a 1-point decrease for acceptance of responsibility. At sentencing, the government sought—and the district court granted—the additional 1-point reduction.

offense under § 4A1.1.  Then the PSR added 1 additional criminal history point under § 4A1.2(a)(2) and § 4A1.1(e) because it treated the two sex offenses as "crimes of violence."  The addition of that 1 point bumped Sanchez-Hernandez from criminal history category III to category IV.

At sentencing on February 21, 2018, the court began by asking Sanchez-Hernandez if he had been given "a chance to review [the PSR] with [his] lawyer."  Sanchez-Hernandez agreed he had.  And he had just one correction: He had been arrested by local police officers, not federal Customs and Border Patrol officers, as the PSR indicated.  But that was all:

THE COURT:  Was everything else correct?

DEFENDANT SANCHEZ-HERNANDEZ:  Yes.  Yes, sir.

Sanchez-Hernandez's counsel argued the prior convictions were "remote," were not "assaultive," and overrepresented his criminal history.  He therefore asked for a downward departure or a sentence at the low end of the 37-to-46-month range.  The government disagreed.  It pressed the seriousness of the prior sex offenses and the quickness of Sanchez-Hernandez's illegal reentry after his 2017 release.  Accordingly, it asked for an upward variance to a range of 57 to 71 months.  Sanchez-Hernandez added little in his allocution. He admitted, "truly, I don't regret this.  In a sense, I don't regret it because I came to help my family."  (He told the probation office his son has "unspecified problems with his feet," and his son's mother had been diagnosed with cancer. When the probation office asked for his family's contact information to confirm these facts, Sanchez-Hernandez refused to provide it.)

The court adopted the PSR's findings but concluded a criminal history category of V (with a range of 46 to 57 months) more accurately reflected the likelihood of Sanchez-Hernandez's recidivism.  The court noted it had previously sentenced Sanchez-Hernandez to 41 months for illegal reentry, only for Sanchez-Hernandez to "return[] within about six months of having been

No. 18-40211

released from that sentence for this identical crime." "I believe he merits graduated punishment," the court said, "but it's for his recidivism that he merits additional time in jail." So, it sentenced Sanchez-Hernandez to 48 months. Defense counsel objected that the sentence was substantively unreasonable. Sanchez-Hernandez appealed.

## II.

In this appeal, Sanchez-Hernandez argues for the first time that the district court erred by treating his Texas convictions as crimes of violence and assigning 1 criminal history point under § 4A1.1(e). That additional point put him in category IV rather than category III and increased his Guidelines range from 30–37 months to 37–46 months. Everyone agrees plain-error review applies.

Rule 52 provides that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." FED. R. CRIM. P. 52(b). The Supreme Court has read this language to require a four-part showing: The defendant must show (1) that the district court committed an error (2) that is plain and (3) affects his substantial rights and (4) that failure to correct the error would "seriously affect the fairness, integrity or public reputation of judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 466–67 (1997) (alteration and quotation omitted). Only then may we correct a forfeited error.

As a threshold matter, the government concedes the first two prongs. But the government cannot waive the proper interpretation of Rule 52. *See Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991); *EEOC v. Fed. Labor*

No. 18-40211

*Relations Auth.*, 476 U.S. 19, 23 (1986) (per curiam). And it is unclear whether the district court committed any "error," let alone a plain one.[2]

Regardless, Sanchez-Hernandez fails on the third prong of the plain-error standard. Prong three requires Sanchez-Hernandez to prove the error "affected [his] substantial rights, which in the ordinary case means he . . . must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (citation and quotation omitted). In *Molina-Martinez*, the district court stated it was adopting the PSR's recommendations, sentenced the defendant at the low end of the (incorrect) Guidelines range, and "provided no further explanation for the sentence." *Id.* at 1344. Because the district court "said nothing specific about why it chose the sentence" besides merely adopting the recommended range, "the Guidelines served as the starting point for the sentencing and were the focal point for the proceedings that followed." *Id.* at 1347. In that scenario, the Court held, it was unfair to require "additional evidence" that the district court might have imposed a different sentence under the correct Guidelines range. *Id.* at 1347–48 ("The decision today simply states that courts reviewing sentencing errors cannot apply a categorical rule requiring additional evidence. . . .").

True, *Molina-Martinez* predicted erroneous Guidelines ranges will normally suffice to satisfy the third prong. But the Court recognized that won't always be the case. *Id.* at 1346–47; *see Griffith v. United States*, 871 F.3d 1321,

---

[2] Plain-error review is available only for forfeitures—not waivers. Intentionally relinquishing a right (waiver) "extinguish[es] an 'error' under Rule 52(b)." *United States v. Olano*, 507 U.S. 725, 733 (1993). Here, it's possible Sanchez-Hernandez relinquished his right. The district court asked if "everything else [in the PSR was] correct." Sanchez-Hernandez said "Yes." But the record does not reveal which right Sanchez-Hernandez intended to waive by saying "Yes." And when it comes to waivers, such ambiguities are insufficient to extinguish an error. *See id.* at 733–34. That's why we're not holding he waived the error at issue here.

1338 (11th Cir. 2017) (*Molina-Martinez*'s "prediction [of what will normally suffice] is not, however, a presumption."). In some cases, like this one, the district court might offer "a detailed explanation of the reasons the selected sentence is appropriate." *Molina-Martinez*, 136 S. Ct at 1346–47. When it does so, the question remains: What was driving *this* judge's decision to impose *this* sentence for *this* defendant? In answering that question, we apply no presumptions or categorical rules. Instead, we "consider the facts and circumstances of the case before" us. *Id.* at 1346.

Those facts and circumstances prove there is no reasonable probability of prejudice. At the outset, the district court made crystal clear what was driving its sentencing decision: "I believe he merits graduated punishment, *but it's for his recidivism* that he merits additional time in jail." (emphasis added). The court then accepted the PSR's findings, but it concluded category IV "substantially under-represents the likelihood of recidivism given [Sanchez-Hernandez] had just received a 41-month sentence." That was insufficient, the district court concluded, because Sanchez-Hernandez turned around and reentered again. So the court assigned Sanchez-Hernandez to category V, with a range of 46 to 57 months. But it never once discussed the (erroneous) range under category IV. Instead, it constantly juxtaposed its chosen sentence—48 months—with the apparently insufficient prior sentence of 41 months. The judge did *not* "use[] the sentencing range as the beginning point to explain the decision to deviate from it." *Peugh v. United States*, 569 U.S. 530, 542 (2013) (quotation omitted). So, "the Guidelines are [*not*] in a real sense the basis for the sentence." *Ibid.* (emphasis and quotation omitted).

If the range had been 30–37 months rather than 37–46 months, it's unlikely anything would have changed. The district court would have treated category III (with its 37-month ceiling) as plainly insufficient based on its belief that the earlier 41-month sentence failed to deter Sanchez-Hernandez. And

the court *in fact* believed category IV was insufficient because the defendant quickly reentered the United States after his most recent illegal reentry conviction. Nothing about the classification of his sex offenses alters that focus on Sanchez-Hernandez's contumacy. In fact, the court never cited those convictions in explaining its chosen sentence—even though counsel had raised arguments about them earlier. In this particular case, the district court's explanation "make[s] it clear that the judge based the sentence . . . on factors independent of the Guidelines." *Molina-Martinez*, 136 S. Ct. at 1347.[3]

AFFIRMED.

---

[3] Sanchez-Hernandez also argues "[t]he equities in this case . . . warrant correction of the error." Appellant's Br. 28. In his opening brief, Sanchez-Hernandez relies on "the equities" under prong four of the plain-error standard, *see ibid.*, but in his reply brief he discusses "the equities" under prong three, *see* Reply Br. 5. It is unclear the equities command relief for recidivist re-entry by a man with multiple convictions for sexually abusing a child. But it doesn't matter. Under prong three, it remains the defendant's burden (not the government's) to prove prejudice. *See Molina-Martinez*, 136 S. Ct. at 1348 (discussing Rule 52(b)). Sanchez-Hernandez cannot carry that burden here, regardless of the equities, given the district court's reasons for its sentence.