# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2020

Lyle W. Cayce
Clerk

No. 19-30222

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TYVON D. TAYLOR,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana

Before WIENER, ENGELHARDT, and OLDHAM, Circuit Judges.

PER CURIAM:*

We previously remanded this case to the district court for it to consider and state on the record "whether it would have imposed the same sentence knowing that: (1) it could not effectively order the backdated commencement of Taylor's sentence, (2) it could not effectively order that Taylor be given credit for the time he served in federal custody prior to being sentenced, and (3) the sentence is susceptible of more than one reasonable

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-30222

interpretation."[1] We retained jurisdiction over the appeal pending the district court's answer to the inquiries on limited remand.[2]

On limited remand,[3] the district court indicated that "it would not have imposed the same sentence knowing that it could not order either a backdated sentence or credit for time served." The district court further clarified "that its intent was for Taylor's federal sentence to run concurrently with any state sentence to be imposed in any of the four state cases (case numbers 351,574; 351,577; 351,999; and 351,578)." We conclude that the district court fulfilled its duty by clarifying on the record the information we required. Accordingly, we hold that there was plain error that affected Taylor's substantial rights.[4]

We vacate and remand to the district court to determine Taylor's new sentence.

---

[1] *United States v. Taylor*, 973 F.3d 414, 421 (5th Cir. 2020).

[2] *Id.*

[3] *See Molina-Martinez v. United States,* 136 S. Ct. 1338, 1348 (2016) (noting that courts have "developed mechanisms short of a full remand to determine whether a district court in fact would have imposed a different sentence absent the error"); *United States v. Currie*, 739 F.3d 960, 965, 967 (7th Cir. 2014) (ordering a limited remand so that the district court could consider, and state on the record, whether it would have imposed the same sentence knowing that the defendant was subject to a lower minimum term of imprisonment).

[4] *See United States v. Sanchez-Hernandez*, 931 F.3d 408, 410 (5th Cir. 2019).