# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2021

Lyle W. Cayce
Clerk

No. 20-40391
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BRANON ROMEZ WARE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:18-CR-37-12

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Branon Romez Ware challenges his conviction for possession with intent to distribute methamphetamine near a playground in violation of 21 U.S.C. §§ 841(a)(1) and 860(a). For the first time on appeal, he argues that the district court erred in accepting his guilty plea because there was an

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40391

inadequate factual basis showing that his offense occurred near a playground as that term is defined in § 860(e)(1).

Ware did not object to the lack of a factual basis for his plea in the district court, so his claim is reviewed for plain error. *United States v. Ortiz*, 927 F.3d 868, 872 (5th Cir. 2019) ("Absent a defendant's objection in the district court, this court reviews the factual basis of a guilty plea for plain error."). To meet the four prongs of plain error, Ware must show (1) the district court erred in accepting his guilty plea without a factual basis; (2) the error was plain; (3) there is a reasonable probability that but for the error, he would not have pleaded guilty; and (4) the error seriously affects the fairness, integrity or public reputation of the proceedings. *United States v. Sanchez-Hernandez*, 931 F.3d 408, 410 (5th Cir. 2019).

Ware cannot meet any of these requirements. He signed a factual basis that provided: "I agree and stipulate that this transaction took place within 1000 feet of the real property comprising Herschell Beck Municipal Park, a public park containing a playground." That matches the "playground" element found in § 860(a), and therefore, the district court did not err. Even if the district court did err, any error was not plain because Ware cites no legal authority to show that a factual basis must include the definition of a "playground" in § 860(e)(1)—nor does Ware contest that Herschell Beck Municipal Park's playground in fact satisfies that definition. And in all events, Ware has not shown that there is a "reasonable probability that, but for the error, he would not have entered the plea." *United States v. Jones*, 969 F.3d 192, 199 (5th Cir. 2020) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)). These failures preclude a finding of plain error. *See id.*; *Sanchez-Hernandez*, 931 F.3d at 410.

AFFIRMED.