# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 14, 2022

Lyle W. Cayce
Clerk

No. 21-10308
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JONATHAN SCOTT MAY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:20-CR-133-1

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Jonathan Scott May pleaded guilty to receipt and distribution of child pornography and was sentenced to the statutory maximum sentence of 240 months of imprisonment. May's sole argument on appeal is that the district court erred by imposing the five-level enhancement under U.S.S.G.

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10308

§ 2G2.2(b)(5) for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor.

As May correctly acknowledges, because he did not object at sentencing, we review the district court's application of the § 2G2.2(b)(5) enhancement for plain error. *See United States v. Oti*, 872 F.3d 678, 690 (5th Cir. 2017). To prevail on plain error review, May must show that: "(1) there was an error; (2) the error was clear or obvious; (3) the error affected his or her substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings such that we should exercise our discretion to reverse." *Id.*

We decide this appeal on the third prong of plain error review. To show that an error affected his substantial rights, a defendant "must 'show a reasonable probability that, but for the error,' the outcome of the proceeding would have been different. *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004)). "When a defendant is sentenced under an incorrect Guidelines range . . . the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Id.* at 198. However, "[t]here may be instances when, despite application of an erroneous Guidelines range, a reasonable probability of prejudice does not exist. . . . The record in a case may show, for example, that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range." *Id.* at 200; *see also United States v. Sanchez-Hernandez*, 931 F.3d 408, 411 (5th Cir. 2019) (explaining that while *Molina-Martinez* "predicted erroneous Guidelines ranges will normally suffice to satisfy the third prong" of plain error review, "the Court recognized that won't always be the case").

Here, the district court gave a detailed explanation of how the 18 U.S.C. § 3553(a) factors led it to select the 240-month sentence. The district

court then stated that while it believed the guidelines calculations to be correct, "to the extent they were incorrectly calculated . . . [it] would have imposed the same sentence without regard to that range . . . for the same reasons, in light of the [§] 3553(a) factors." Accordingly, May cannot show that any error the district court may have committed in applying the § 2G2.2(b)(5) enhancement affected his substantial rights. *See Molina-Martinez*, 578 U.S. at 200; *Sanchez-Hernandez*, 931 F.3d at 411-12. For this reason, the judgment of the district court is AFFIRMED.