# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2023
Lyle W. Cayce
Clerk

————————

No. 22-40455

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Fransi Danilo Lainez Garcia,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:22-CR-161-1

———————————————————————

Before Elrod, Ho, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Fransi Danilo Lainez Garcia challenges his sentence for the crime of unlawfully re-entering the United States after deportation. He failed to raise the alleged sentencing error in district court, so we review only for plain error. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018). Finding that the alleged error is neither clear nor obvious, we affirm.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40455

## I.

After his arrest in 2015, Lainez Garcia was deported in 2017. Between his arrest and deportation, Lainez Garcia committed a series of sex crimes involving minors. He pleaded guilty to corruption of minors and unlawful contact with a minor, both felonies, as well as to the misdemeanor of indecent assault. On October 7, 2016, he was sentenced on all three offenses in state court and given six years' probation as punishment for the offense of unlawful contact.

In 2022, Lainez Garcia was arrested in Texas and charged with illegal re-entry. He pleaded guilty to the illegal re-entry charge, and the sentencing report assigned him a sentencing level of twelve. Of the twelve points, two points were allotted because, at the time of his latest arrest, Lainez Garcia was still under a six-year probation sentence for the crime of unlawful contact. This appeal centers on these two criminal history points, which Lainez Garcia failed to contest in district court. With these two points, the Guidelines range was between fifteen and twenty-one months. Without these two points, the Guidelines range would have been twelve to eighteen months.

## II.

### A.

Lainez Garcia argues that the district court erred by adding two criminal history points under Section 4A1.1(d) of the Sentencing Guidelines. That provision adds two points "if the defendant committed the instant offense while under any *criminal justice sentence*, including probation." U.S.S.G. § 4A1.1(d) (emphasis added). The Guidelines commentary, in turn, defines a "criminal justice sentence" as "a sentence countable under §4A1.2." *Id.* § 4A1.1, cmt. n.4 (emphasis omitted).

So only "a sentence countable under §4A1.2" triggers the additional two points at issue.

Lainez Garcia contends that his sentence was not "countable." That is because he takes "countable" to mean "counted separately." *Id.* § 4A1.2(a)(2). And his sentence for unlawful contact was not "counted separately." It was imposed on the same day as the sentences for corruption of minors and indecent assault, so all three sentences were "treated as a single sentence." *Id.*

The Government counters that Lainez Garcia's sentence for unlawful contact was in fact "countable." That is because it was "counted" together with the sentences for corruption of minors and indecent assault. On the Government's view, the "countable" doesn't mean "counted separately": it just means "counted." *See id.* § 4A1.2(c) ("Sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted . . . .").

## B.

We need not decide which interpretation is correct. As Lainez Garcia concedes, he failed to object to the two-point enhancement in district court, so our review is only for plain error. *See* FED. R. CRIM. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.").

For a criminal defendant to qualify for relief under this standard, he "must show (1) that the district court committed an error (2) that is plain and (3) affects his substantial rights and (4) that failure to correct the error would 'seriously affect the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Sanchez-Hernandez*, 931 F.3d 408, 410 (5th Cir. 2019) (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)). *See also Puckett v. United States*, 556 U.S. 129, 135 (2009) (citing *United States v.*

*Olano*, 507 U.S. 725, 734 (1993)) ("[T]he legal error must be clear or obvious, rather than subject to reasonable dispute.").

Assuming *arguendo* that the district court erred by adding the two points, we hold that the error was neither clear nor obvious. There is no on-point circuit precedent addressing the meaning of the provisions at issue in this case. And without on-point, binding precedent, the defendant normally cannot show that an error was plain. *See United States v. Miller*, 406 F.3d 323, 330 (5th Cir. 2005) ("Absent any precedent directly supporting [the criminal defendant's] contention, it cannot be said that the alleged error was 'plain' for purposes of our review.").

There are exceptions to the rule that plain error requires controlling precedent. In rare cases, "a straightforward application of the guidelines"—an "uncomplicated resort to the language" at issue—leads us to conclude that the district court's error was clear. *United States v. Torres*, 856 F.3d 1095, 1099 (5th Cir. 2017). This is not such a case. The relationship between the relevant provisions is complicated—even confusing. And even assuming that Lainez Garcia's interpretation of the Guidelines is right, we conclude that the Government's position is reasonable. Given this reasonable dispute, any error cannot be plain.

* * *

Because Lainez Garcia fails to show that the district court's alleged error was plain, we AFFIRM the district court's sentence.