# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 20, 2025

Lyle W. Cayce
Clerk

No. 24-10556
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

John Fitzgerald Kennedy,

*Defendant—Appellant*.

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:23-CR-79-1

———————

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

John Fitzgerald Kennedy challenges his above-Guidelines 60-months' sentence, imposed following his conviction for failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). Kennedy contends his sentence is procedurally and substantively unreasonable because the district court at

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

sentencing improperly relied on his bare arrest record, as provided in the presentence investigation report.

Kennedy (as he also concedes) did not preserve the bare-arrest-record contention in district court. Because the issue was not preserved in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012); *United States v. Zarco-Beiza*, 24 F.4th 477, 481–82 (5th Cir. 2022) (holding general substantive-reasonableness objection did not preserve specific contention that court erred by relying on bare arrest record). Under that standard, he must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Although the district court clearly and obviously erred by relying on Kennedy's bare arrest record when concluding his criminal-history category was understated and imposing an above-Guidelines sentence, *see United States v. Johnson*, 648 F.3d 273, 278 (5th Cir. 2011), the record shows that the court also gave significant weight to numerous valid 18 U.S.C. § 3553(a) sentencing factors, and that the bare arrest record was not the court's "primary motivation" for its variant sentence. *See Zarco-Beiza*, 24 F.4th at 483–84. The court engaged in a thorough factor-by-factor analysis of the relevant sentencing factors, noting Kennedy's: "consistent and persistent pattern of possessing child sexual abuse material"; brazen premises convictions involving children; disregard of his duty to register as a sex offender; and history of recidivism. The court stated a non-Guidelines sentence was necessary to promote respect for the law, afford adequate deterrence, and protect the public, emphasizing that Kennedy was acting

with "increased boldness toward physical premises where children frequently congregate".

Moreover, the court stated it would impose the same sentence, regardless of any error in the calculation of the Guidelines range. *See United States v. Hott*, 866 F.3d 618, 621 (5th Cir. 2017) (concluding defendant did not show reasonable probability of a different outcome when district court stated even if Guidelines calculations were incorrect, court would have imposed same sentence under § 3553). Accordingly, Kennedy has failed to demonstrate the error affected his substantial rights due to his failure to show a reasonable probability that, but for the court's consideration of the bare arrests, he would have received a lesser sentence. *See Zarco-Beiza*, 24 F.4th at 483–84.

AFFIRMED.