# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 24-10799
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

May 14, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jessie Dejuan Sullivan,

*Defendant—Appellant*.

―――――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-80-1

―――――――――――――――――――――――

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Jessie Dejuan Sullivan appeals his conviction and sentence for possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1).  As he correctly concedes, our precedent forecloses his arguments that § 922(g)(1) violates the Commerce Clause and the Second

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Amendment on its face. *See United States v. Diaz*, 116 F.4th 458, 462, 470-71 (5th Cir. 2024), *petition for cert. filed* (U.S. Feb. 18, 2025) (No. 24-6625).

For the first time on appeal, Sullivan contends that the district court erred by failing to apply the 2023 Guidelines that were in effect at the time of sentencing and by determining that his prior conviction for Texas robbery is a crime of violence for purposes of U.S.S.G. § 2K2.1(a)(4)(A). Our review is for plain error. *United States v. Hott*, 866 F.3d 618, 621 (5th Cir. 2017).

Even if we assume that Sullivan has shown clear or obvious error, he cannot succeed on plain error review because he has failed to demonstrate that any error affected his substantial rights. *See id.* To show that his substantial rights were affected, he must demonstrate a reasonable probability that, but for the error, his sentence would have been different. *See id.* Here, the district court stated that it would have imposed the same sentence even if its guideline calculations were incorrect, and its reasons for imposing the sentence were untethered to the allegedly incorrect guidelines range. These reasons included the facts and circumstances of Sullivan's case, the fact that he failed to appear for his original sentencing date and avoided apprehension for nearly two years, and the need to comply with the sentencing purposes listed in 18 U.S.C. § 3553(a)(2). Because the court's explanation shows that it thought the chosen sentence "was appropriate irrespective of the Guidelines range," Sullivan has not shown a reasonable probability that he would have received a different sentence but for the alleged error. *Hott*, 866 F.3d at 621 (internal quotation marks and citation omitted).

AFFIRMED.