# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2025

Lyle W. Cayce
Clerk

No. 24-30570

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SEALED APPELLANT,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:23-CR-98-1

Before SOUTHWICK, OLDHAM, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Appellant pleaded guilty to conspiracy to possess with the intent to distribute methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), 846. The district court sentenced Appellant to 210 months of imprisonment and five years of supervised release. Appellant challenges his sentence, arguing that the district court applied the incorrect Guidelines range. Because any possible error did not affect Appellant's substantial rights, we affirm.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-30570

I

In May 2022, federal agents discovered that Appellant was distributing large amounts of methamphetamine. A month later, agents seized a package of 444.4 grams of pure methamphetamine that was sent to an address associated with Appellant. Two months after that, agents intercepted a package of 879.1 grams of pure methamphetamine that Appellant had mailed to Louisiana. That same month, Appellant also communicated to a co-conspirator that he planned to ship more methamphetamine to Louisiana.

In April 2023, Appellant was charged with one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846. That November, Appellant pleaded guilty.

The initial presentence report ("PSR") was issued in May 2024. It concluded that the total offense level was 31 and that Appellant's criminal history score was 39. This resulted in a Guidelines range of 188 to 235 months of imprisonment. The Government objected that Appellant should be treated as a career offender under the Guidelines, *see* U.S.S.G. § 4B1.1(a), which would result in a total offense level of 34. The probation officer agreed and revised the PSR accordingly. The revised PSR calculated the Guidelines range at 262 to 327 months of imprisonment. Prior to sentencing, however, the Government moved under U.S.S.G. § 5K1.1 for a below-Guidelines sentence of 210 months based on Appellant's substantial assistance in the investigation of other criminal actors.

Immediately before the sentencing hearing began, the district court engaged in a sidebar conversation with counsel for each party. The court explained that it "intend[ed] to sentence the defendant to 210 months as requested by the government," "but will impose that sentence pursuant to Section 3553(a) under the constellation of factors presented in the [PSR]."

2

The court then noted the parties' disagreement about whether Appellant qualified as a career offender, before detailing the two relevant Guidelines ranges. The court went on to highlight that the proposed sentence "falls into, roughly, the middle of the guideline range without the career offender status." Next, the court provided one of its primary reasons for the 210-month sentence: Appellant has an "extensive criminal history."[1] And finally, the court reiterated that it was "going to try [its] dead-level best not to mention anything other than 3553(a)," and that the 210-month sentence was "the appropriate sentence under the circumstances."

The sentencing hearing proceeded similarly. The court first noted the Guidelines range with and without the career offender enhancement. It then declared that "a Section 3553(a) sentence is appropriate under the circumstances." Despite concluding that the career offender enhancement applied, the court disclaimed using the higher Guidelines range: "[T]he Court does not intend to use what I believe to be the correctly calculated Guidelines and instead will use the Section 3553(a) variance or a so-called non-guideline sentence."

Ultimately, the court imposed a below-Guidelines sentence of 210 months of imprisonment and five years of supervised release. The court explained that it chose this sentence "after consideration of the factors contained in Title 18, U.S. Code, Section 3553(a) pertaining to the defendant's criminal history, his personal characteristics and his involvement in the instant offense." It continued: "[U]nder the set of circumstances presented in this particular case . . . the 210 months imposed pursuant to Section 3553(a) does reflect the seriousness of his offense,

---

[1] Appellant has been convicted of at least 20 different crimes, including multiple drug possession offenses, burglary, and inflicting corporal injury on a spouse/cohabitant.

promotes respect of the law and provides just punishment for the offense," and "also affords adequate deterrence to criminal conduct and protects the public from further crimes of this defendant."

Shortly thereafter, the district court entered the written judgment. In its statement of reasons, the court indicated that "[i]n the event the guideline determination(s) made in this case are found to be incorrect, the court would impose a sentence identical to that imposed in this case. (18 U.S.C. § 3553(a))." Appellant timely appealed.

## II

Appellant argues that the district court erred in applying the career offender enhancement and thus applied the incorrect Guidelines range. Because Appellant's substantial rights were not affected, we reject Appellant's challenge.

## A

Although Appellant challenged the application of the career offender enhancement below, he did so on entirely different grounds. So, as the parties agree, Appellant's challenge is subject to plain error review. *See United States v. Rodriguez-Leos*, 953 F.3d 320, 324 (5th Cir. 2020).

"To satisfy plain error review, [Appellant] must demonstrate that an error was clear or obvious and that it affected his substantial rights." *United States v. Hott*, 866 F.3d 618, 621 (5th Cir. 2017) (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)). This "is difficult, 'as it should be.'" *Puckett*, 556 U.S. at 135.

## B

Irrespective of whether the district court committed a clear or obvious error, the alleged error did not affect Appellant's substantial rights.

An error affects the defendant's substantial rights if he "show[s] a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016) (quotation omitted). Consistent with *Molina-Martinez*, this court has held time and again that a Guidelines range error is harmless if "[1] the district court considered both ranges (the one now found incorrect and the one now deemed correct) and [2] explained that it would give the same sentence either way." *United States v. Reyna-Aragon*, 992 F.3d 381, 387 (5th Cir. 2021) (quoting *United States v. Guzman-Rendon*, 864 F.3d 409, 411 (5th Cir. 2017)); *see also Molina-Martinez*, 578 U.S. at 200 (explaining that a Guidelines range error is harmless if "the district court thought the sentence it chose was appropriate irrespective of the Guidelines range"). "[M]agic words or talismanic language" are not required. *United States v. Greer*, 20 F.4th 1071, 1076 (5th Cir. 2021).

This test is easily satisfied here.

First, "the court was aware of, and considered, both advisory Guidelines' ranges." *United States v. Daniel*, No. 24-30345, 2025 WL 586821, at *1 (5th Cir. Feb. 24, 2025) (per curiam). The district court explained during both the sidebar and the sentencing hearing that the parties disagreed about the career offender enhancement, and it detailed the applicable Guidelines range with and without the enhancement.

Second, the district court made clear it would impose the same sentence regardless of the correct Guidelines range. To start, the court expressly disclaimed any reliance on the allegedly erroneous Guidelines range in choosing the sentence it thought appropriate: "[T]he Court does not intend to use what I believe to be the correctly calculated guidelines and instead will use the Section 3553(a) variance or a so-called non-guideline sentence." ROA.73; *see also* ROA.73 ("[A] Section 3553(a) sentence is

appropriate under the circumstances."). Indeed, the court repeatedly indicated that its decision was based on the § 3553(a) factors, "irrespective of the Guidelines range." *Molina-Martinez*, 578 U.S. at 200–01; *see also United States v. Stoglin*, 34 F.4th 415, 420 (5th Cir. 2022) ("[A]n error does not warrant reversal if the district court indicated that it would impose the same sentence regardless of an error under the Guidelines.").

On top of all this, "[i]n its written statement of reasons," *Hott*, 866 F.3d at 621, the district court stated that "[i]n the event the guideline determination(s) made in this case are found to be incorrect, the court would impose a sentence identical to that imposed in this case. (18 U.S.C. § 3553(a))." *See also United States v. Andrews*, 768 F. App'x 189, 194 n.3 (5th Cir. 2019) (per curiam).[2] "We take the district court at its clear and plain word." *United States v. Castro-Alfonso*, 841 F.3d 292, 298 (5th Cir. 2016).

---

[2] Appellant objects to our considering this statement because it was not also said during the sentencing hearing. That objection fails. As indicated above, binding circuit precedent has already blessed considering such statements. *See Hott*, 866 F.3d at 621. In fact, *Hott* explicitly rejected a similar argument, noting that the written statement "was consistent with the district court's oral pronouncement of the sentence based on the § 3553 factors of punishment, deterrence, and protection of the public at sentencing." *Id.* at 621 n.1. The same is true here.

*United States v. Diggles*, 957 F.3d 551 (5th Cir. 2020) (en banc), is not to the contrary. *Diggles* did not purport to overrule *Hott*. *Diggles* only held that if there is an actual *conflict* between the oral and written *terms of a sentence*, the oral pronouncement governs. *See id.* at 557. It said nothing about whether consistent, but not identical, written and oral explanations of what the district court would do if a different Guidelines range applied can be considered for purposes of harmless-error analysis. Thus, we can "take the district court at its clear and plain word" here when "its written statement of reasons" says that "even if the guideline calculations are not correct, this is the sentence [it] would otherwise impose under 18 U.S.C. § 3553." *Hott*, 866 F.3d at 621 (cleaned up). To do otherwise would risk (in other cases) a remand that would be "an exercise in futility in order to obtain the same sentence." *United States v. Martinez-Rivera*, No. 24-20031, 2025 WL 985711, at *3 (5th Cir. Apr. 2, 2025) (quoting *United States v. Esparza-Gonzalez*, 268 F.3d 272, 274 (5th Cir. 2001)).

No. 24-30570

\*    \*    \*

Even assuming the district court applied the incorrect Guidelines range, Appellant's substantial rights were not affected. So the court did not plainly err. Accordingly, we AFFIRM the district court's sentence.