# United States Court of Appeals for the Fifth Circuit

No. 24-10976
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 29, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Antonio Montrail Anderson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CR-137-1

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Antonio Montrail Anderson pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He contends that the district court erred by applying an enhanced base offense level pursuant to U.S.S.G. § 2K2.1(a)(4)(A), based on a prior controlled substance offense conviction. In addition, he contends that the court misadvised him on the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

interstate commerce element of § 922(g)(1) and that the statute violates the Commerce Clause and the Second Amendment, though he concedes that these challenges are foreclosed. We review each argument for plain error. *See United States v. Hott*, 866 F.3d 618, 621 (5th Cir. 2017); *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010); *United States v. Sanches*, 86 F.4th 680, 684-85 (5th Cir. 2023).

As to the claimed guidelines error, we assume arguendo that the district court's application of § 2K2.1(a)(4)(A) was clear or obvious error. *See United States v. Pierre*, 88 F.4th 574, 581 (5th Cir. 2023). However, Anderson has not met his burden of establishing that any error affected his substantial rights in light of (1) the court's statements establishing that it thought the sentence imposed was appropriate regardless of the guidelines calculation; and (2) the court's explanation for the sentence under 18 U.S.C. § 3553(a). *See Hott*, 866 F.3d at 621.

Moreover, Anderson correctly concedes that the challenges to his conviction are foreclosed. In short, he was correctly advised on the interstate commerce element of § 922(g)(1), and there is a sufficient factual basis supporting that element. *See United States v. Rawls*, 85 F.3d 240, 242-43 (5th Cir. 1996). And we have held that § 922(g)(1) does not exceed Congress's power under the Commerce Clause as presently interpreted. *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013). Similarly, we have held that the statute does not facially violate the Second Amendment under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). *See United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024), *cert. denied*, 2025 WL 1727419 (U.S. June 23, 2025) (No. 24-6625).

AFFIRMED.