# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2026

Lyle W. Cayce
Clerk

No. 24-30390

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAMICHAEL D. IGNONT,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:23-CR-13-2

Before RICHMAN, ENGELHARDT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Jamichael Ignont was sentenced to 240 months' imprisonment after he pleaded guilty to conspiracy to possess with intent to distribute heroin. Ignont appeals his sentence, arguing that the district court relied on an incorrect Guidelines range of 235 to 293 months—but statutorily capped at 240 months—rather than the correct range of 210 to 262 months—still capped at 240 months.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-30390

Ignont raises this issue for the first time on appeal, so plain-error review applies. *United States v. Sanchez-Hernandez*, 931 F.3d 408, 410 (5th Cir. 2019). To succeed, he must show "(1) that the district court committed an error (2) that is plain and (3) affects his substantial rights and (4) that failure to correct the error would 'seriously affect the fairness, integrity[,] or public reputation of judicial proceedings.'" *Id.* (quoting *Johnson v. United States*, 520 U.S. 461, 466–67 (1997)). "Substantial rights are affected when there is 'a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'" *United States v. Hott*, 866 F.3d 618, 621 (5th Cir. 2017) (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016)).

Even if the district court adopted the wrong Guidelines range,[1] Ignont failed to show that any such error affected his sentence. He points to nothing—other than the error itself and his limited criminal history—to demonstrate that, "but for the error," he would have received a lesser sentence. *See id.* (citation omitted). And, indeed, the record makes clear that the court would have imposed the same sentence regardless.

At sentencing, the court explained that a sentence between 235 and 240 months "reasonably addresses the real conduct of Mr. Ignont underl[ying] his crime, achieves the goals of [18 U.S.C. §] 3553(a) and provides an appropriate sentence." The court selected 240 months—a "lower [G]uideline range sentence," yet the "max" the court could have

---

[1] The Presentence Investigation Report added a criminal history point for Ignont's 2013 conviction for assault on a schoolteacher. But because Ignont was a minor at the time and he served only 30 days' confinement, the incident could have counted towards his criminal history only if he was sentenced for the assault within five years of the instant offense. U.S.S.G. § 4A1.2(d). The inclusion of that criminal history point resulted in Ignont falling under Criminal History Category II, rather than Category I. U.S.S.G. ch. 5, pt. A. The Government concedes that this was plainly erroneous.

given, *see* 21 U.S.C. §§ 841(b)(1)(C), 846—"*after* considering the [Section] 3553(a) factors," including Ignont's "criminal history, or lack thereof," and his "personal characteristics and involvement in the instant conspiracy." So, the court took into account Ignont's sparse criminal history when it selected 240 months—which is notably not at the bottom of the Guidelines range it used—and it did not rely exclusively on the incorrect range. *See Molina-Martinez*, 578 U.S. at 200 ("The record in a case may show . . . that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range. . . . And that explanation could make it clear that the judge based the sentence he or she selected on factors independent of the Guidelines."). And 240 months still falls within the correct range of 210–262 months, so no departure or variance would have been necessary to levy the same sentence.

On top of all that, in its written statement of reasons, the district court stated that, "[i]n the event the guideline determination(s) made in this case are found to be incorrect, the court would impose a sentence identical to that imposed in this case," citing Section 3553(a). While an "error itself can . . . be sufficient to show a reasonable probability of a different outcome absent the error," that does not hold true here because the record is *not* "silent as to what the district court might have done had it considered the correct Guidelines range." *Molina-Martinez*, 578 U.S. at 198, 201. Rather, it is abundantly clear that the outcome would not have been any different had the court used the correct range. *See Hott*, 866 F.3d at 621 (giving weight to a similar representation in a statement of reasons). Therefore, Ignont failed to show that any error affected his substantial rights.

The judgment of the district court is AFFIRMED.